1   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    MATTHEW S. PASCALE, SB# 168909
2      E-Mail: Matthew.Pascale@lewisbrisbois.com
    SHEILA J. STARVISH, SB# 193106
3      E-Mail: Sheila.Starvish@lewisbrisbois.com
    633 West 5th Street, Suite 4000
4   Los Angeles, California 90071
    Telephone: 213.250.1800
5   Facsimile: 213.250.7900

6   Attorneys for Defendants SSC TARZANA MANAGEMENT COMPANY, LP
    DBA TARZANA HEALTH AND REHABILITATION CENTER, a Delaware
7   corporation, and SSC TARZANA MANAGEMENT, GP LLC DBA TARZANA
    HEALTH AND REHABILITATION CENTER, a Delaware corporation

8

9

              UNITED STATES DISTRICT COURT
10
      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
11

12

| 13 | YELIZAVETA POPERECHNAYA, by and through her personal legal representative ZHANNA ZAGORUYKO; ZHANNA ZAGORUYKO, individually, | CASE NO. |
|---|---|---|
| | | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)** |

Plaintiffs,

vs.

SSC TARZANA MANAGEMENT
COMPANY, LP DBA TARZANA
HEALTH AND REHABILITATION
CENTER, a Delaware corporation, SSC
TARZANA MANAGEMENT, GP LLC
DBA TARZANA HEALTH AND
REHABILITATION CENTER, a
Delaware corporation, and DOES 1-
100, inclusive,

Defendants.

24

25   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

26       PLEASE TAKE NOTICE that defendants SSC TARZANA MANAGEMENT

27   COMPANY, LP DBA TARZANA HEALTH AND REHABILITATION CENTER,

28   a Delaware corporation, and SSC TARZANA MANAGEMENT, GP LLC DBA

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4843-0271-1840.1

1  TARZANA HEALTH AND REHABILITATION CENTER, a Delaware

2  corporation, hereby removes to this Court the State Court action described below,

3  pursuant to the provisions of 28 U.S.C. §1446 on the basis of diversity of citizenship

4  pursuant to 28 U.S.C. §1441(b) as follows:

5       1.      On October 24, 2014, an action was commenced in the Superior Court

6  of the State of California in and for the County of Los Angeles entitled

7  YELIZAVETA POPERECHNAYA, by and through her personal legal

8  representative ZHANNA ZAGORUYKO; ZHANNA ZAGORUYKO, individually,

9  vs. SSC TARZANA MANAGEMENT COMPANY, LP DBA TARZANA

10 HEALTH AND REHABILITATION CENTER, a Delaware corporation, SSC

11 TARZANA MANAGEMENT, GP LLC DBA TARZANA HEALTH AND

12 REHABILITATION CENTER, a Delaware corporation, and DOES 1-100,

13 inclusive, Case No. LC 102280.   A copy of the Complaint is attached hereto as

14 Exhibit "A".

15      2.      The first date upon which defendants SSC TARZANA

16 MANAGEMENT COMPANY, LP DBA TARZANA HEALTH AND

17 REHABILITATION CENTER, a Delaware corporation, and SSC TARZANA

18 MANAGEMENT, GP LLC DBA TARZANA HEALTH AND REHABILITATION

19 CENTER, a Delaware corporation,  received notice of and a copy of the said

20 Complaint was November 7, 2014 when defendants SSC TARZANA

21 MANAGEMENT COMPANY, LP DBA TARZANA HEALTH AND

22 REHABILITATION CENTER, a Delaware corporation, and SSC TARZANA

23 MANAGEMENT, GP LLC DBA TARZANA HEALTH AND REHABILITATION

24 CENTER, a Delaware corporation,  were served with a copy of the said Complaint

25 and a Summons from the said state court.  A copy of the Summons served on

26 defendants SSC TARZANA MANAGEMENT COMPANY, LP DBA TARZANA

27 HEALTH AND REHABILITATION CENTER, a Delaware corporation, and SSC

28 TARZANA MANAGEMENT, GP LLC DBA TARZANA HEALTH AND

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4843-0271-1840.1                              2

1 | REHABILITATION CENTER, a Delaware corporation, is attached hereto as
2 | Exhibit "B".

3 |      3.     SSC TARZANA MANAGEMENT COMPANY, LP DBA TARZANA
4 | HEALTH AND REHABILITATION CENTER, a Delaware corporation, and SSC
5 | TARZANA MANAGEMENT, GP LLC DBA TARZANA HEALTH AND
6 | REHABILITATION CENTER, a Delaware corporation,  are  informed and believe
7 | that plaintiff   ZHANNA ZAGORUYKO individually and  as the personal  legal
8 | representative of YELIZAVETA POPERECHNAYA was, at the time of the filing
9 | of this action, and still is a citizen of the United States and a domiciliary of the state
10 | of California.

11 |      4.     SSC TARZANA MANAGEMENT COMPANY, LP DBA TARZANA
12 | HEALTH AND REHABILITATION CENTER was, at the time of the filing of this
13 | action, and still is, a corporation, incorporated under the laws of the State of
14 | Delaware, having its principal place of business in the State of Delaware.  SSC
15 | TARZANA MANAGEMENT, GP LLC DBA TARZANA HEALTH AND
16 | REHABILITATION CENTER was, at the time of the filing of this action, and still
17 | is, a corporation, incorporated under the laws of the State of Delaware, having its
18 | principal place of business in the State of Delaware.

19 |      5.     This action is a civil action of which this Court has original jurisdiction
20 | under 28 U.S.C. § 1332, and is one which may be removed to this Court by
21 | defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action
22 | between citizens of different states and the matter in controversy exceeds the sum of
23 | $75,000, exclusive of interest and costs because plaintiff alleges that defendants
24 | were negligent in the care of  YELIZAVETA POPERECHNAYA resulting in her
25 | sustaining a fall and a hip fracture.  Plaintiff alleges that these acts caused or
26 | contributed to YELIZAVETA POPERECHNAYA's death on November 14, 2013.
27 | In addition to the claims for general and special damages, plaintiffs also seeks
28 | attorney fees, treble damages, punitive  damages, disgorgement of profits, and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4843-0271-1840.1

3

1 | restitution.

2 |      6.    Therefore, complete diversity exists and removal is appropriate.

3 |     WHEREFORE, defendants  SSC TARZANA MANAGEMENT COMPANY,

4 | LP DBA TARZANA HEALTH AND REHABILITATION CENTER, a Delaware

5 | corporation, and SSC TARZANA MANAGEMENT, GP LLC DBA TARZANA

6 | HEALTH AND REHABILITATION CENTER, a Delaware corporation,  file this

7 | Notice of Removal of this action from the aforesaid Superior Court, in which it is

8 | now pending, to the District Court of the United States for the Central District of

9 | California - Western Division.

10

11 | DATED: January  /2, 2015        LEWIS BRISBOIS BISGAARD & SMITH LLP

12

13

14 | By: _____

          MATTHEW S. PASCALE

15 |           SHEILA J. STARVISH

          Attorneys for Defendants SSC TARZANA

16 |           MANAGEMENT COMPANY, LP DBA

17 |           TARZANA HEALTH AND

          REHABILITATION CENTER, a

18 |           Delaware corporation, and SSC

19 |           TARZANA MANAGEMENT, GP LLC

          DBA TARZANA HEALTH AND

20 |           REHABILITATION CENTER, a

21 |           Delaware corporation

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT "A"

1 | Andrew i. Ellis, Esq. State Bar # 167091
Justina G Ramon, Esq. State Bar #241239
2 | ELLIS LAW CORPORATION
883 N. DOUGLAS STREET
3 | EL SEG NDO, CA 90245
Telepho: :.(310) 641-3335
4

5 | Attorneys for Plaintiff
YELIZAVETA POPERECHNAYA
6 | ZHANNA ZAGORUYKO

```
ORIGINAL FILED
OCT 24 2014
LOS ANGELES
SUPERIOR COURT
```

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

9 | YELIZAVETA POPERECHNAYA by and
through i er personal/legal representative
10 | ZHANN . ZAGORUYKO; ZHANNA
ZAGOR· YKO, individually,
11

Case No.:        LC102280

CIVIL COMPLAINT FOR DAMAGES

as Plaintiffs,

12

vs.

13

SSC TARZANA MANAGEMENT
14 | COMPA. Y LP DBA TARZANA HEALTH
AND RE IABILITATION CENTER, a
15 | Delawa:· corporation, SSC TARZANA
MANAC MENT GP LLC DBA TARZANA
16 | HEALTI- AND REHABILITATION
CENTEI· a Delaware corporation, and DOES
17 | 1-100, ii. lusive,

18 |         as Defendants.

1.  *Statutory Elder Abuse/Neglect*
2.  *Violation of the Patient's Bill of Rights/
    Health & Safety Code §1430*
3.  *Negligence*
4.  *Violation of Business and Professions
    Code §17200 - Unfair Business Practices*
5.  *Wrongful Death*

19

20        C )MES NOW plaintiffs YELIZAVETA POPERECHNAYA by and through her

21 | personal/ gal representative ZHANNA ZAGORUYKO and ZHANNA ZAGORUYKO,

22 | individu. y who respectfully alleges the following:

23 |                                     I.

                            GENERAL ALLEGATIONS

24

25        1.  1 · At the time when all of the wrongful tortious acts as alleged herein were committed

26 | against h· ;oecedent  YELIZAVETA POPERECHNAYA was a resident patient of TARZANA

27 | HEALTI AND REHABILITATION CENTER and was 80 years of age and thus an "elder" as that

28 | term is d fine'd under *Welfare and Institutions Code §15610.27.*  Moreover, at the time when all

---

*Civil Com; lint for Damages*

1    of the wrongful tortious acts as alleged herein were committed, decedent YELIZAVETA

2    POPERECHNAYA was under the direct custodial care, medical care and supervision of

3    defendants named herein. As a result of the neglectful and abusive care rendered to her by

4    defendants as pled more fully herein below, plaintiff YELIZAVETA POPERECHNAYA died on

5    November 14, 2013. Despite her death the legal claims belonging to YELIZAVETA

6    POPERECHNAYA are statutorily authorized to survive under the provisions of *Welfare &*

7    *Institutions Code §15657.3(d),* and have been authorized to be maintained/pursued through her

8    daughter as a Successor in Interest, ZHANNA ZAGORUYKO in the legal capacity as

9    personal/legal representative for decedent YELIZAVETA POPERECHNAYA.

10           2.      At all time mentioned herein ZHANNA ZAGORUYKO was and still is, the adult

11   living daughter of YELIZAVETA POPERECHNAYA. Plaintiff ZHANNA ZAGORUYKO hereby

12   brings her own individual claims against defendants herein for the *Wrongful Death* of her mother.

13           3.      At all times mentioned herein, defendants SSC TARZANA MANAGEMENT

14   COMPANY LP d/b/a TARZANA HEALTH AND REHABILITATION CENTER, and SSC

15   TARZANA MANAGEMENT GP LLC d/b/a TARZANA HEALTH AND REHABILITATION

16   CENTER as though each separate legal entities and thus named and sued herein separately, were

17   the owners, operators, and managing controllers of TARZANA HEALTH AND

18   REHABILITATION CENTER, ("THARC") located a 5650 Reseda Boulevard, Tarzana,

19   California, which is licensed to operate as a 24-hour *Skilled Nursing Facility* under the laws of the

20   State of California. For purposes of pleading, and unless referred to specifically by full name,

21   named defendants SSC TARZANA MANAGEMENT COMPANY LP d/b/a TARZANA

22   HEALTH AND REHABILITATION CENTER, and SSC TARZANA MANAGEMENT GP LLC

23   d/b/a TARZANA HEALTH AND REHABILITATION CENTER, will all hereinafter collectively

24   be referred to as "SSC TARZANA DEFENDANTS" and, when referring to the actual facility

25   alone, the term "THARC" will be used.

26           4.      Upon information and belief, at all times mentioned herein, defendants DOE 1,

27   an individual, was the Director of Staff Development of THARC. As Director of Staff

28   Development of THARC, defendant DOE 1 was a managing agent of THARC, was personally

     involved in running the day to day operations and running of the THARC, helped to set and

---

*Civil Complaint for Damages*                                                                              2

1  enforce staffing guidelines at THARC, and helped to set out and enforce all the policies and

2  procedures implemented and utilized at THARC.

3       5.    Upon information and belief, at all times mentioned herein, defendant DOES 2

4  through 5, an individual, was a licensed vocational nurse of THARC. As a vocational nurse,

5  defendant DOES 2 through 5, was an agent of THARC, was personally involved in carrying out

6  the day to day operations of THARC and policies and procedures of THARC.

7       6.    Defendants DOES 6 through 100, inclusive, are sued herein under fictitious names.

8  Their true names and capacities are unknown to plaintiffs.  When their true names and capacities

9  are ascertained, plaintiffs will amend this complaint by inserting their true names and capacities.

10 Plaintiffs are informed and believe and thereon allege that each of the fictitiously named

11 defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs'

12 damages were proximately caused by those defendants. Each reference in this complaint to

13 "defendant" "defendants," or a specifically named defendant refers to all named defendants and

14 those sued under fictitious names.

15      7.    At all times mentioned herein, defendants, and each of them, were responsible for

16 the care and custody of their patient, YELIZAVETA POPERECHNAYA, when each of the events

17 alleged herein occurred.  Upon information and belief, it is alleged that the acts of defendants, their

18 officers, directors, key facility management, staff, agents and employees were a substantial factor

19 in causing serious personal injury and death to plaintiff.

20      8.    Plaintiff is informed and believes and thereon alleges that at all times material

21 hereto and mentioned herein, each defendant sued herein was the agent, servant, employer, joint

22 venturer, partner, owner, subsidiary, alias, and/or alter ego of each of the remaining defendants and

23 was, at all times, acting within the purpose and scope of such employment, agency, servitude,

24 ownership, subsidiary, alias and/or alter ego and with the authority, consent, approval, control,

25 influence, and ratification of each of the remaining defendants sued herein.

26      9.    Venue is most proper in this jurisdiction in that the acts giving rise to this lawsuit,

27 which are described more fully below, occurred within this court's jurisdictional area.

## II.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

10.     On or about September 23, 2013, YELIZAVETA POPERECHNAYA was admitted into THARC to receive long-term skilled nursing care. At the time of her admission into THARC, defendants were aware that YELIZAVETA POPERECHNAYA required skilled nursing care as she suffered from acute renal failure, diabetes mellitus, ovarian cancer and was in a debilitating bed bound state. Defendants were further aware plaintiff YELIZAVETA POPERECHNAYA was at high risk for infection, dehydration, weight loss and falls and thus required constant monitoring of her health, safety, and well being, as well as, extensive assistance from staff for all activities of daily living  Despite such knowledge, THARC failed to properly tend to YELIZAVETA POPERECHNAYA's needs, failed to develop a plan of care,  failed to adequately monitor YELIZAVETA POPERECHNAYA's medical condition, and failed to implement doctors orders, causing her to suffer a fall and acute right femoral fracture and infections and ultimately resulting in the death of YELIZAVETA POPERECHNAYA.

11.     At all relevant times while plaintiff was admitted to THARC, YELIZAVETA POPERECHNAYA required assistance with her activities of daily living due to the above described physical limitations.  Specifically, plaintiff required assistance in moving to and from her bed, as well as assistance in all activities of daily living.  Nevertheless, THARC routinely failed to adequately respond to YELIZAVETA POPERECHNAYA's requests for assistance to get out of bed  and failed to properly monitor YELIZAVETA POPERECHNAYA and her physical and mental condition, including but not limited to her whereabouts and status of her catheter and colostomy.

12.     On information and belief, YELIZAVETA POPERECHNAYA repeatedly begged nursing staff to help her use the toilet but the staff would not help her and staff response time to clean YELIZAVETA POPERECHNAYA ranged from twenty minutes to an hour, if the staff responded to her call at all. More specifically, in the early morning on or about October 31, 2013, YELIZAVETA POPERECHNAYA made numerous requests for assistance which were all but ignored by SC TARZANA DEFENDANTS and Defendants employees DOES 1 through 5. Accordingly YELIZAVETA POPERECHNAYA attempted to ambulate alone. YELIZAVETA POPERECHNAYA in her attempt to ambulate without assistance fell to the floor causing serious injury to YELIZAVETA POPERECHNAYA's right lower extremity, including, but not limited to,

*Civil Complaint for Damages*                                                                                              4

1  a fracture to her right femoral.

2      13.    YELIZAVETA POPERECHNAYA's physical condition was not discovered by

3  THARC until it was brought to their attention by YELIZAVETA POPERECHNAYA's daughter

4  who came to visit her the evening of October 31, 2013. YELIZAVETA POPERECHNAYA was

5  then transported on November 1, 2013 to Providence Tarzana Medical Center where she

6  underwent closed reduction and intramedullary rodding of her right femur and subsequently

7  passed away on November 14, 2013 as a result of her right lower extremity injury.

8      14.    Decedent YELIZAVETA POPERECHNAYA's right lower extremity fracture and

9  death was a result of defendants' reckless, neglectful, improper and conscious failures to protect

10  for her safety and well-being despite knowing she was at a high risk for falls and infection.

11  Indeed, plaintiff YELIZAVETA POPERECHNAYA's right lower extremity fracture, urinary tract

12  infection and death were a direct result of defendants' reckless, neglectful, and improper failure to

13  provide the care and attention that YELIZAVETA POPERECHNAYA was required to receive,

14  and paid to receive, in direct violation of the *California's Elder Abuse Act*, the *Patient's Bill of*

15  *Rights*, State and Federal laws that similarly govern skilled nursing facilities, as well as other

16  general toi principals as pled more fully below.

17                                 III.

18                         CAUSES OF ACTION

19                         *First Cause of Action*

20      *Statutory Elder Abuse; Violation of Welfare and Institutions Code §15600, et seq.*

21  *(Plaintiff YELIZAVETA POPERECHNAY by and through her personal/legal representative*

22          *ZHANNA ZAGORUYKO vs. ALL DEFENDANTS and DOES 1-100)*

23      15.    Plaintiff hereby incorporates by reference paragraphs 1 through 14 as though set

24  forth fully herein.

25      16.    The SSC TARZANA DEFENDANTS, and DOES 1-100, and all of them, knew

26  that they have specific duties pursuant to Federal and State regulations and laws, to provide for the

27  care, comfort, welfare and safety of YELIZAVETA POPERECHNAYA, and knew that the health

28  and safety of YELIZAVETA POPERECHNAYA would be at great risk if they failed to carry out

---

*Civil Complaint for Damages*                                                    5

1    such duties. Moreover, defendants specifically knew that their failure to comply with such duties

2    to provide proper care for YELIZAVETA POPERECHNAYA would result in serious personal

3    injury, severe emotional distress, and/or death.

4           17.   In particular, and without limiting the generality of the foregoing, the SSC

5    TARZANA DEFENDANTS and DOES 1-100 recklessly, and with deliberate indifference and

6    conscious disregard for the health, safety, and well-being of YELIZAVETA POPERECHNAYA,

7    breached duties they owed to their patient YELIZAVETA POPERECHNAYA by:

8           Count 1 - failing to use reasonable care in transferring/transporting plaintiff from

9    her bed to her activities of daily living;

10          Count 2 - failing to implement specific care plan to meet the medical needs of

11    custodial patient YELIZAVETA POPERECHNAYA in preventing infection to develop;

12          Count 3 - failing to implement a protocol designed to prevent, diagnose, and treat

13    infections within the facility;

14          Count 4 - failing to timely diagnose and treat YELIZAVETA POPERECHNAYA's

15    right lower extremity fracture;

16          Count 5 - failing to communicate among the nursing disciplines, including physical

17    and occupational therapies, to ensure the best outcome for YELIZAVETA POPERECHNAYA;

18          Count 6 - failing to properly train and/or supervise its personnel, including, but not

19    limited to, how to properly assess and/or monitor the health conditions of its residents;

20          Count 7 - failing to timely notify a qualified physician of critical changes in

21    YELIZAVETA POPERECHNAYA's medical well-being;

22          Count 8 - failing to ensure that plaintiff YELIZAVETA POPERECHNAYA was

23    not subjected to acts of abuse, as that term is defined under *Welfare and Institutions Code*

24    *§15610.07*, while under the care of the SSC TARZANA DEFENDANTS and/or DOES 1-100;

25          Count 9 - failing to ensure that plaintiff YELIZAVETA POPERECHNAYA was

26    not subjected to acts of neglect, as that term is defined under *Welfare and Institutions Code*

27    *§15610.57*, while under the care of the SSC TARZANA DEFENDANTS and/or DOES 1-100;

28

1    Count 10 - allowing YELIZAVETA POPERECHNAYA to wander away from her

2    bed without assistance.

3    Count 11 - failing to account for YELIZAVETA POPERECHNAYA at all times;

4    Count 12 - failing to protect YELIZAVETA POPERECHNAYA from health and

5    safety hazards;

6    Count 13 - failing to provide a secure and safe environment; and

7    Count 14 - failing to care for YELIZAVETA POPERECHNAYA in a non-reckless

8    manner.

9    18.    Defendants' failures to care for plaintiff YELIZAVETA POPERECHNAYA in

10   accord with State and Federal regulations that govern skilled care were reckless, abusive and

11   neglectful in that the SSC TARZANA DEFENDANTS and/or DOES 1-100 knowingly failed to

12   protect for the safety and well-being despite knowing that YELIZAVETA POPERECHNAYA

13   was susceptible to falls and infection and at great risk if defendants did not provide compliant care.

14   The wrongful acts of the SSC TARZANA DEFENDANTS and/or DOES 1-100, and specifically

15   THARC, were reckless, abusive and neglectful in that defendants violated minimum standards of

16   care as established under State and Federal law towards plaintiff YELIZAVETA

17   POPERECHNAYA.

18   19.    The numerous and specific acts of reckless abuse, neglect and willful misconduct as

19   alleged herein against the SSC TARZANA DEFENDANTS and/or DOES 1-100 was actually

20   committed by the SSC TARZANA DEFENDANTS , ratified by these same defendants, and/or

21   ratified by these defendants' managing agents, including, but not limited to, Officers, Directors,

22   Partners, Administrator, Director of Nursing, Director of Dietary, and/or

23   Managing Agents of the SSC TARZANA DEFENDANTS including Defendants DOES 1 through

     5.
24
     20.    As a direct and proximate result of defendants' reckless conduct as alleged above,
25
     YELIZAVETA POPERECHNAYA suffered serious personal injury and death and is thus entitled
26
     to damages in an amount to be proven at the time of trial but in no event less than the jurisdictional
27
     minimum of this court.
28

---

*Civil Complaint for Damages*                                                          7

21.   As a further result of defendants' reckless, malicious, and oppressive conduct, YELIZAVETA POPERECHNAYA seeks statutory recovery of her costs against all defendants and/or DOES 1-100 in bringing this action, under *Welfare and Institutions Code §15657(a)*.

22.   As a further result of defendants' reckless, malicious, and oppressive conduct, YELIZAVETA POPERECHNAYA seeks an award of attorneys' fees against all defendants and/or DOES 1-100 under *Welfare and Institutions Code §15657(a)*.

23.   As a further direct and proximate result of defendants' reckless, malicious and oppressive conduct which, as pled above, was done in conscious disregard for plaintiff's well-being, YELIZAVETA POPERECHNAYA is entitled to an award of punitive damages against defendants and/or DOES 1-100 under *Civil Code §3294*, in an amount according to proof at trial.

<u>*Second Cause of Action*</u>

*Violation of the Patient's Bill of Right/Health & Safety Code §1430*

*(Plaintiff YELIZAVETA POPERECHNAY by and through her personal/legal representative*

*ZHANNA ZAGORUYKO vs. Licensee Defendants SSC TARZANA)*

24.   Plaintiff hereby incorporates by reference paragraphs 1 through 23 though set forth fully herein.

25.   As a patient and elder adult residing within defendant THRAC's skilled nursing facility, SSC TARZANA DEFENDANTS, owed a duty to patient YELIZAVETA POPERECHNAYA to protect her rights as a patient in compliance with specific Federal and State regulations for the protection and benefit of patients like YELIZAVETA POPERECHNAYA, including, but not limited to, *California Health and Safety Code §§1430, 1599-1599.4*, as well as in *Title 22* of the *California Code of Regulations*. As a licensed skilled nursing facility operating in the State of California, and both under State and Federal regulations, SSC TARZANA DEFENDANTS knew that the life, health, safety, and physical and emotional well-being of YELIZAVETA POPERECHNAYA would be at great risk if they failed to do so.

26.   YELIZAVETA POPERECHNAYA was specifically within the class of persons that *California Health and Safety Code §1430* and the above referenced regulations, statutes, and/or code sections were intended to protect.

27. The care rendered towards plaintiff YELIZAVETA POPERECHNAYA by SSC TARZANA DEFENDANTS fell below the standard of care, and these breaches of *California Health and Safety Code §1430*, as well as the above referenced regulations, statutes and/or code sections, were done with disregard for the probability that serious personal injury and severe emotional distress would result from their failure to carefully carry out and adhere to their duties. SSC TARZANA DEFENDANTS knew or should have known that there was a probability that patient YELIZAVETA POPERECHNAYA would suffer serious personal injury and severe emotional stress from their failure to adhere to their statutory duties, including, but not limited to, those duties referenced in the preceding paragraphs.

28. At all times mentioned herein, SSC TARZANA DEFENDANTS knew or should have known of the existence of, and need to follow, State and Federal regulations, statutes, code sections and laws relating to the protection of patient's rights, and knew that patient YELIZAVETA POPERECHNAYA's health, safety, and well-being were at direct risk whenever they failed to meet these duties. SSC TARZANA DEFENDANTS further knew that their failure to comply with their duties would result in a violation of patients rights, serious personal injury, and death which actually occurred.

29. SSC TARZANA DEFENDANTS did in fact violate *California Health and Safety Code §1430* and the above referenced regulations, statutes and/or code sections. In particular, SSC TARZANA DEFENDANTS breached the statutory duties they owed to YELIZAVETA POPERECHNAYA and thereby violated YELIZAVETA POPERECHNAYA' *Patient's Bill of Rights* by:

Count 1 - failing to use reasonable care in transferring/transporting plaintiff from her bed to her activities of daily living;

Count 2 - failing to implement specific care plan to meet the medical needs of custodial patient YELIZAVETA POPERECHNAYA in preventing infection to develop;

Count 3 - failing to implement a protocol designed to prevent, diagnose, and treat infections within the facility;

1   Count 4 - failing to timely diagnose and treat YELIZAVETA POPERECHNAYA's
2   right lower extremity fracture;

3   Count 5 - failing to communicate among the nursing disciplines, including physical
4   and occupational therapies, to ensure the best outcome for YELIZAVETA POPERECHNAYA;

5   Count 6 - failing to properly train and/or supervise its personnel, including, but not
6   limited to, how to properly assess and/or monitor the health conditions of its residents;

7   Count 7 - failing to timely notify a qualified physician of critical changes in
8   YELIZAVETA POPERECHNAYA's medical well-being;

9   Count 8 - failing to ensure that plaintiff YELIZAVETA POPERECHNAYA was
10   not subject to acts of abuse, as that term is defined under *Welfare and Institutions Code*
11   *§15610.07*, while under the care of the SSC TARZANA DEFENDANTS and/or DOES 1-100;

12   Count 9 - failing to ensure that plaintiff YELIZAVETA POPERECHNAYA was
13   not subject to acts of neglect, as that term is defined under *Welfare and Institutions Code*
14   *§15610.57*, while under the care of the SSC TARZANA DEFENDANTS and/or DOES 1-100;

15   Count 10 - allowing YELIZAVETA POPERECHNAYA to wander away from her
16   bed without assistance.

17   Count 11 - failing to account for YELIZAVETA POPERECHNAYA at all times;
18   Count 12 - failing to protect YELIZAVETA POPERECHNAYA from health and
19   safety hazards;

20   Count 13 - failing to provide a secure and safe environment; and
21   Count 14 - failing to care for YELIZAVETA POPERECHNAYA in a non-reckless
22   manner.

23   30. The statutory violations of the SCC TARZANA DEFENDANTS as stated above were
24   negligent in light of their failure to take action, despite recognizing that patient YELIZAVETA
25   POPERECHNAYA was at a substantial risk of suffering personal injury and/or death as a result
26   of violating her patient rights.

27   31. As a direct and proximate result of defendants' negligent statutory violations as
28   alleged above, YELIZAVETA POPERECHNAYA suffered serious personal injury and death and

is thus entitled to damages in an amount to be proven at the time of trial but in no event less than the jurisdictional minimum of this court.

32.  As a direct and proximate result of SCC TARZANA DEFENDANTS violation of statutory rights conferred upon plaintiff YELIZAVETA POPERECHNAYA as set forth herein, including specifically State and Federal regulations enacted to protect her as a skilled custodial care patient plaintiff YELIZAVETA POPERECHNAYA is entitled to damages set forth under *Health & Safety Code §1430*, in an amount according to proof after due proceedings, including but not limited to damages, fines including, but not limited to, $500.00 a day for each day a violation was committed, attorney's fees, costs, and an order enjoining SCC TARZANA DEFENDANTS from allowing the violations to continue.

### *Third Cause of Action*

#### *Negligence*

*(Plaintiff : ELIZAVETA POPERECHNAY by and through her personal/legal representative ZHANNA ZAGORUYKO vs. ALL DEFENDANTS and DOES 1-100)*

33.  Plaintiffs hereby incorporate by reference paragraphs 1 through 32 as though set forth fully herein.

34.  Upon information and belief, all named defendants and/or DOES 1-100 acted negligently with regard to YELIZAVETA POPERECHNAYA.

35.  In specific, all named defendants and/or DOES 1-100 had a duty to use reasonable care to protect YELIZAVETA POPERECHNAYA from health and safety hazards. Notwithstanding, all named defendants and/or DOES 1-100 breached their respective duties by, *inter alia*:

Count 1 - failing to use reasonable care in transferring/transporting plaintiff from her bed to her activities of daily living;

Count 2 - failing to implement specific care plan to meet the medical needs of custodial patient YELIZAVETA POPERECHNAYA in preventing infection to develop;

Count 3 - failing to implement a protocol designed to prevent, diagnose, and treat infections within the facility;

---

1   Count 4 - failing to timely diagnose and treat YELIZAVETA POPERECHNAYA's
2   right lower extremity fracture;

3   Count 5 - failing to communicate among the nursing disciplines, including physical
4   and occupational therapies, to ensure the best outcome for YELIZAVETA POPERECHNAYA;

5   Count 6 - failing to properly train and/or supervise its personnel, including, but not
6   limited to, how to properly assess and/or monitor the health conditions of its residents;

7   Count 7 - failing to timely notify a qualified physician of critical changes in
8   YELIZAVETA POPERECHNAYA's medical well-being;

9   Count 8 - failing to ensure that plaintiff YELIZAVETA POPERECHNAYA was
10  not subject to acts of abuse, as that term is defined under *Welfare and Institutions Code*
11  *§15610.07,* while under the care of the SSC TARZANA DEFENDANTS  and/or DOES 1-100;

12  Count 9 - failing to ensure that plaintiff YELIZAVETA POPERECHNAYA was
13  not subject to acts of neglect, as that term is defined under *Welfare and Institutions Code*
14  *§15610.57,* while under the care of the SSC TARZANA DEFENDANTS and/or DOES 1-100;

15  Count 10 - allowing YELIZAVETA POPERECHNAYA to wander away from her
16  bed without assistance.

17  Count 11 - failing to account for YELIZAVETA POPERECHNAYA at all times;

18  Count 12 - failing to protect YELIZAVETA POPERECHNAYA  from health and
19  safety hazards;

20  Count 13 - failing to provide a secure and safe environment; and

21  Count 14 - failing to care for YELIZAVETA POPERECHNAYA  in a non-reckless
22  manner.

23  36.   As a direct and proximate result of defendants' negligent conduct as alleged above,
24  YELIZAVETA POPERECHNAYA suffered serious personal injury and death, and is thus entitled
25  under law to recover certain limited damages for said negligent acts of defendants named herein,
26  all in an amount according to proof at the time of trial.

27  ### Fourth Cause of Action
28  *Violation of Business and Professions Code §17200 - Unfair Business Practices*

---

*(Plaintiff YELIZAVETA POPERECHNAY by and through her personal/legal representative*
*ZHANNA ZAGORUYKO  vs. Defendants SSC TARZANA and DOES 1-100)*

37.     Plaintiffs hereby repeat, reallege, and incorporate by this reference, each and every
allegation contained in paragraphs 1 through 36 above as though set forth fully herein.

38.     SSC TARZANA DEFENDANTS and/or DOES 1-100 are required to comply with
the provisions of *California Health and Safety Code §1430, Title 22* of the *California Code of
Regulation. California's Elder Abuse Act*, and the *Business & Professions Code*, among other
laws and regulations. Despite such, THRAC and/or DOES 1-100 engaged in unlawful, unfair,
deceptive and/or fraudulent business practices in violation of *California Health and Safety Code
§1430, Title 22* of the *California Code of Regulations, California's Elder Abuse Act*, and the
*Business & Professions Code*, among other laws and regulations.

39.     More specifically, although defendant THRAC stated, conveyed, promoted,
advertised, or otherwise publicized that it would provide proper care in conformity with state and
federal law, in order to lure the public, including elderly and dependent adults and/or their families
into entering into contractual agreements or remaining under contract with them, defendant
THRAC in fact did not comply with applicable state and federal regulations. In failing to comply
with such regulations, defendant THRAC obtained an unfair business advantage over consumers
and competitors; including YELIZAVETA POPERECHNAYA, and has wrongfully retained
benefits pursuant to contracts it entered into with residents under its care.

40.     During a substantial period of time prior to and during which YELIZAVETA
POPERECHNAYA was admitted into THRAC, defendant knew that the care being rendered at
THRAC was inadequate, that the staff was undertrained, that the facility was understaffed, and that
the staff could not meet the needs of the residents, including YELIZAVETA POPERECHNAYA.
Despite such, defendant THRAC continued to state, convey, promote and/or advertise its services
to elderly and dependent adults in order to lure them into entering contractual agreements by
telling them that THRAC was a good facility that would take good care of its residents and protect
them from health and safety hazards.

41.    The above acts and/or omissions of defendants, and each of them, constitute unlawful, unfair, deceptive and/or fraudulent business acts pursuant to *Business & Professions Code §17200*, which offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to its competitors and insureds.

42.    Defendant THRAC engaged in said unlawful, unfair, deceptive and/or fraudulent business acts to the detriment of its patients, competitors, and to members of the general public, including elderly and dependent adults in need of adequate care and supervision.

43.    As a proximate result of the above stated unlawful, unfair deceptive and/or fraudulent business acts as alleged herein above, defendant THRAC received contractual benefits for providing substandard care to the public, including elderly and dependent adults at large as well as YE. ZAVETA POPERECHNAYA care that is less effective than what is standard in the community and is being provided by defendant's competitors.

44.    As a proximate result of the above stated acts, defendant THRAC has wrongfully obtained and retained certain benefits to which it was/is not entitled.

45.    Based upon defendant THRAC's unlawful, unfair deceptive and/or fraudulent business acts as alleged herein above, plaintiff seeks all authorized statutory, legal, and equitable relief available under California law, including specifically:

    a.    Restitution of said contractual benefits which were wrongfully obtained and retained by means of said unlawful, unfair, deceptive, and/or fraudulent business practices;

    b.    Disgorgement of all profits wrongfully obtained;

    c.    Treble damages pursuant to *Business & Professions Code §17082* and *Civil Code §334*.

    d.    An injunction preventing all defendants named herein, including all individually named defendants, from continuing to provide any care on behalf of elderly or dependent adults in violation of California law;

    e.    Attorneys' fees as provided under *Business & Professions Code §17082*;

    f.    Costs incurred in this action; and

*Civil Complaint for Damages*                                                                        14

g.      Any further relief that the court may deem just and equitable to ensure against defendant's continuing to engage in unlawful and/or unfair business practices.

### FIFTH CAUSE OF ACTION

#### Wrongful Death - C.C.P. § 377.60

*(Plaintiff ZHANNA ZAGORUYKO Against All Defendants and DOES 1-100)*

46.     Plaintiffs incorporate herein by reference, as though fully set forth at length, each and every allegation and statement contained in paragraphs 1 through 45, inclusive, of the General Assertions and the First, Second, Third, Fourth and Fifth Causes of Action above.

47.     As alleged above, Plaintiff ZHANNA ZAGORUYKO is the adult living daughter of decedent YELIZAVETA POPERECHNAYA.

48.     Prior to YELIZAVETA POPERECHNAYA's death, plaintiff ZHANNA ZAGORUYKO were dependent on their mother, YELIZAVETA POPERECHNAYA for love, care, comfort, society, emotional support and guidance. YELIZAVETA POPERECHNAYA was a product and doting and dutiful mother, and provided much love, care comfort, society and emotional support and guidace to her daughter ZHANNA ZAGORUYKO. They had an extremely close and loving relationship.

49.     Plaintiff ZHANNA ZAGORUYKO is informed and believe and thereon allege that as a result of tortious acts committed by SSC TARZANA DEFENDANTS and/or DOES 1 throgh 100 as alleged more fully in detail herein above, YELIZAVETA POPERECHNAYA died on November 1, 2013.

50.     As a direct, proximate and legal result of the aforementioned acts, omissions, carelessness, malfeasance, nonfeasance, despicable conduct and conscious disregard by all defendants, and each of them, decedent YELIZAVETA POPERECHNAYA's heirs and estate, and all of them, have sustained pecuniary damages resulting from loss of love, society, comfort, companionship, attention, services, solace, moral and financial support of decedent G YELIZAVETA POPERECHNAYA in an amount exceeding the jurisdictional limit of this Court and subject to proof at trial.

---

1   WHEREFORE based on the allegations as set forth above, plaintiff YELIZAVETA

2   POPERECHNAYA and ZHANNA ZAGORUYKO pray that judgment be entered in their favor

3   against all SC TARZANA DEFENDANTS, and/or DOES 1-100, as follows:

4       1.      On each and every cause of action, for all legally recoverable compensatory special,

5   consequential, and related damages, in an amount according to proof at trial;

6       2.    For costs of litigation pursuant to *Welfare & Institutions Code §15657(a)*, as to all

7   applicable causes of action, in an amount according to proof after due proceedings;

8       3.      For attorneys' fees pursuant to *Welfare and Institutions Code §15657(a)*, as to

9   applicable causes of action, in an amount according to proof after due proceedings;

10      4.      For punitive damages pursuant to *Civil Code §3294*, as to all applicable causes of

11  action pled herein, in an amount according to proof at trial;

12      5.      For all remedies available for defendants violation of *Health & Safety Code §1430*,

13  in an amount according to proof, including but not limited to damages, fines of $500.00 a day, per

14  day, for each day a violation was committed, as well as attorney's fees costs, and an order

15  enjoining defendants from allowing the violations to continue, all upon determination of all due

16  proceedings held in this matter;

17      6.      On surviving plaintiff's ZHANNA ZAGORUYKO individually pled claim as stated

18  within the third cause of action for any and all tortious acts that caused or contributed to causing

19  the *Wrongful Death* of YELIZAVETA POPERECHNAYA and specifically for damages incurred

20  by this plaintiff in respect to the loss of care, comfort and society of their mother, YELIZAVETA

21  POPERECHNAYA all in an amount according to proof at trial of this matter.

22      7.      On all such relief as requested within plaintiff's *Fourth Cause of Action* for

23  *Violation of Business and Professions Code §17200* against defendant THRAC and/or DOES 1-

24  100, including specifically:

25          a.      Restitution of said contractual benefits which were wrongfully obtained and

26  retained by means of said unlawful, unfair, deceptive, and/or fraudulent business practices;

27          b.      Treble damages pursuant to *Business & Professions Code §17082* and *Civil

28  Code §3345*.

1  c.   Reasonable attorneys' fees as provided under *Business & Professions Code*

2  *§17082*;

3  d.   Costs incurred in this action;

4  e.   Disgorgement of all profits wrongfully obtained;

5  f.   Punitive damages as authorized under *Civil Code §3294*, in an amount

6  according to proof at trial; and

7  g.   Any further relief that the court may deem just and equitable to ensure against

8  defendants' continuing to engage in unlawful and/or unfair business practices.

9  8.   For interest at the legal rate permitted by law;

10  9.   For costs of suit incurred herein; and

11  10.   For all other relief that the court deems just and proper.

12

13  Date: October 22, 2014            ELLIS LAW CORPORATION

14

15

16  By:

17  Andrew L. Ellis

18  Justina G. Ramon

19  for Plaintiff YELIZAVETA POPERECHNAYA

20

21

22

23

24

25

26

27

28

*Civil Complaint for Damages*                                                                                    17

<table>
<tr><td>1</td><td>Andrew L. Ellis, Esq. State Bar # 167091<br>Justina G. Ramon, Esq. State Bar #241239</td></tr>
<tr><td>2</td><td>ELLIS LAW CORPORATION<br>883 N. DOUGLAS STREET</td></tr>
<tr><td>3</td><td>EL SEGUNDO, CA 90245<br>Telephone: (310) 641-333</td></tr>
<tr><td>4</td><td></td></tr>
<tr><td>5</td><td>Attorney for Plaintiffs<br>YELIZAVETA POPERECHNAYA</td></tr>
<tr><td>6</td><td>ZHANNA ZAGORUYKO</td></tr>
</table>

ORIGINAL FILED

OCT 24 2014

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN THE COUNTY OF LOS ANGELES

YELIZAVETA POPERECHNAYA by and
through her personal/legal representative
ZHANNA ZAGORUYKO; ZHANNA
ZAGORUYKO, individually,

             as Plaintiffs,

vs.

SSC TARZANA MANAGEMENT
COMPANY L.DBA TARZANA HEALTH
AND REHABILITATION CENTER, a
Delaware corporation, SSC TARZANA
MANAGEMENT GP LLC DBA TARZANA
HEALTH AND REHABILITATION
CENTER, a Delaware corporation, and
DOES 1-100, inclusive,

             as Defendants.

CASE NO.      LC102280

DECLARATION OF ZHANNA
ZAGORUYKO

I, ZHANNA ZAGORUYKO, declare as follows:

    1.    I am the daughter of decedent Yelizaveta Poperechnaya and I have personal knowledge

of the facts stated herein. If called upon as a witness in this case, I could and would competently

testify thereto.

    2.    On November 14, 2013, Yelizaveta Poperechnaya, a decedent in this action, passed

away a result of a hip fracture caused by defendant's failure to properly supervise its resident. The

incident occurred at the skilled nursing facility of Tarzana Health and Rehabilitation located at 5650

*DECLARATION OF ZHANNA ZAGORUYKO*        1

1   Reseda Boulevard, Tarzana, California. [Attached as Exhibit "A" is a certified copy of decedent

2   Yelizaveta Poperechnaya's certified death certificate].

3          3.          As a result of Yelizaveta Poperechnaya's death, this civil action has been filed

4   against SSC TARZANA MANAGEMENT COMPANY LP d/b/a TARZANA HEALTH AND

5   REHABILITATION CENTER and SSC TARZANA MANAGEMENT GP LLC d/b/a TARZANA

6   HEALTH AND REHABILITATION CENTER, on behalf of plaintiffs Yelizaveta Poperechnaya

7   (decedent), and myself.

8          4.          No proceeding is now pending in California for administration of the decedent

9   Yelizaveta Poperechnaya's estate. The decedent's estate has not been and will not be administered

10  in California.

11         5.          I am decedent Yelizaveta Poperechnaya's successor in interest and succeed to

12  decedent (as defined in Code of Civil Procedure Section 377.11) and succeed to the decedent's

13  interest in this action.

14         6.          No other person, other than myself, has a superior right to be substituted for the

15  decedent in the pending action. At the time of decedent Yelizaveta Poperechnaya's death, she was

16  80-years old.

17         I declare under penalty of perjury under the laws of the State of California that the foregoing

18  is true and correct.

19         Executed this _23_ day of October, 2014, in El Segundo, California.

20

21

22                                                              ZHANNA ZAGORUYKO

23

24

25

26

27

28

*DECLARATION OF ZHANNA ZAGORUYKO*                    2

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

**COUNTY OF LOS ANGELES • REGISTRAR–RECORDER/COUNTY CLERK**

3052713215870                 **CERTIFICATE OF DEATH**                 3201319048520

| Field | Value |
|---|---|
| FIRST (name) | YELIZAVETA |
| MIDDLE | IZRAILEVNA |
| LAST | POPERECHNAYA |
| DATE OF BIRTH | 11/30/1932 |
| AGE | 80 |
| SEX | F |
| STATE OF BIRTH | RUSSIA |
| SOCIAL SECURITY NUMBER | 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 |
| EVER IN U.S. ARMED FORCES | NO |
| MARITAL STATUS | DIVORCED |
| DATE OF DEATH | 11/14/2013 |
| HOUR | 2242 |
| EDUCATION | SOME COLLEGE |
| HISPANIC | NO |
| RACE | CAUCASIAN |
| USUAL OCCUPATION | CASHIER |
| KIND OF BUSINESS/INDUSTRY | SUPERMARKET |
| YEARS IN OCCUPATION | 40 |
| DECEDENT'S RESIDENCE | 5235 KESTER AVE #313 |
| CITY | SHERMAN OAKS |
| COUNTY | LOS ANGELES |
| ZIP CODE | 91411 |
| YEARS IN COUNTY | 13 |
| STATE | CALIFORNIA |
| INFORMANT NAME | ZHANNA ZAGORUYKO, DAUGHTER |
| INFORMANT ADDRESS | 5235 KESTER AVE #313, SHERMAN OAKS, CA 91411 |
| NAME OF SURVIVING SPOUSE FIRST | — |
| MIDDLE | — |
| LAST | — |
| NAME OF FATHER FIRST | ISRAEL |
| MIDDLE | — |
| LAST | PLUM |
| BIRTH STATE | RUSSIA |
| NAME OF MOTHER FIRST | BERTA |
| MIDDLE | — |
| LAST | UNK |
| BIRTH STATE | RUSSIA |
| DISPOSITION | BURIAL |
| PLACE OF FINAL DISPOSITION | JEWISH CEMETERY 24 LERMONTOV, MALAKHOVKA, RUSSIA 14008 |
| DATE | 11/22/201_ |
| SIGNATURE OF EMBALMER | GEORGIANNE DANKO |
| LICENSE NUMBER | EMB8925 |
| TYPE OF DISPOSITION | CR/TR/BU |
| NAME OF FUNERAL ESTABLISHMENT | HOLLYWOOD FUNERAL HOME |
| LICENSE NUMBER | FD1651 |
| SIGNATURE OF LOCAL REGISTRAR | JONATHAN FIELDING, MD |
| DATE | 11/21/2013 |
| PLACE OF DEATH | PROVIDENCE TARZANA MEDICAL CENTER |
| COUNTY | LOS ANGELES |
| FACILITY ADDRESS | 18321 CLARK ST |
| CITY | TARZANA |
| IMMEDIATE CAUSE | SEQUELAE OF HIP FRACTURE | 2103-07675 / WKS |
| DUE TO | FALL | WKS |
| OTHER SIGNIFICANT CONDITIONS | HISTORY OF OVARIAN CANCER, RENAL FAILURE, HYPERTENSION, DIABETES, DEEP VEIN THROMBOSES |
| OPERATION | CLOSED REDUCTION AND INTRAMEDULLARY RODDING OF RIGHT FEMUR 11/02/2013 |
| CYSTOSCOPY 11/05/2013 |  |
| DATE OF INJURY | 10/28/2013 |
| HOUR | 0730 |
| PLACE OF INJURY | RESIDENTIAL INSTITUTION |
| DESCRIBE HOW INJURY OCCURRED | FELL DOWN WHILE WALKING |
| LOCATION | 5850 RESEDA BLVD, TARZANA, CA 91356 |
| CERTIFIER | MICHELLE LEE |
| DATE | 11/20/2013 |
| TYPE NAME, TITLE OF CORONER/DEPUTY CORONER | MICHELLE LEE, DEPUTY CORONER |
| STATE REGISTRAR |  |

This is to certify this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk.

OCT 2 3 2014

Dean C. Logan
DEAN C. LOGAN,
Registrar-Recorder/County Clerk

*1000000127551*

This copy not valid unless prepared on engraved border displaying the Seal and Signature of the Registrar-Recorder/County Clerk.

EXHIBIT "B"

*Zilopmi*
*11/7/14*

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

| | |
|---|---|
| **NOTICE TO DEFENDANT:** SSC TARZANA MANAGEMENT COMPANY LP *(AVISO AL DEMANDADO):* DBA TARZANA HEALTH AND REHABILITATION CENTER, a Delaware corporation, SSC TARZANA MANAGEMENT GP LLC DBA TARZANA HEALTH AND REHABILITATION CENTER, a Delaware corporation, and DOES 1-100, inclusive, | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* <br><br> **ORIGINAL FILED** <br><br> OCT 24 2014 <br><br> LOS ANGELES SUPERIOR COURT |

**YOU ARE BEING SUED BY PLAINTIFF:** YELIZAVETA POPERECHNAYA *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* by and through her personal/legal representative, ZHANNA ZAGORUYKO; ZHANNA ZAGORUYKO, individually,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* <br> LOS ANGELES SUPERIOR COURT <br> 6230 Sylmar Ave. <br> same <br> Van Nuys, CA 91406 | **CASE NUMBER:** *(Número del Caso):* <br><br> LC102280 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ANDREW L. ELLIS, 300.
ELLIS LAW CORPORATION
883 N. DOUGLAS STREET
EL SEGUNDO, CA 90245        (310) 641-3335

| DATE: *(Fecha)* | *Executive Officer/Clerk* Clerk, by *(Secretario)* Serrano | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): SSC Tarzana Management Company LP DBA Tarzana Health and Rehabilitation Center, a Delaware corporation

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

1

## CALIFORNIA STATE COURT PROOF OF SERVICE

2

POPERECHNAYA v. SSC TARZANA, ET AL. - File No. 34692.07

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

At the time of service, I was over 18 years of age and not a party to the action.
My business address is 633 West 5th Street, Suite 4000, Los Angeles, California

5

90071.

6

On January 12, 2015, I served the following document(s):

7

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)
(DIVERSITY)**

8

I served the documents on the following persons at the following addresses

9

(including fax numbers and e-mail addresses, if applicable):

10

ELLIS LAW CORPORATION          Attorneys for Plaintiffs YELIZAVETA
Andrew L. Ellis, Esq.                    POPERECHNAYA, by and through her

11

 E-Mail: aellis@alelaw.com         personal legal representative ZHANNA
Justina G. Ramon, Esq.               ZAGORUYKO; ZHANNA

12

 E-Mail: jramon@alelaw.com       ZAGORUYKO, individually
John R. Rofael, Esq.

13

 E-Mail: jrofael@alelaw.com
883 N. Douglas Street

14

El Segundo, CA 90245
Tel: 310 641 3335

15

Fax: 310 641 6664

16

17

The documents were served by the following means:

18

☒      (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically
        filed the documents with the Clerk of the Court using the CM/ECF system,

19

which sent notification of that filing to the persons listed above.

20

I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct.

21

22

Executed on January 12, 2015, at Los Angeles, California.

23

24

_____
Lillie Gould

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4843-0271-1840.1