JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELIZAVETA POPERECHNAYA by and through her personal/legal representative ZHANNA ZAGORUYKO; ZHANNA ZAGORUYKO, individually,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>SSC TARZANA MANAGEMENT COMPANY LP DBA TARZANA HEALTH AND REHABILITATION CENTER, a Delaware corporation; SSC TARZANA MANAGEMENT GP LLC DBA TARZANA HEALTH AND REHABILITATION CENTER, a Delaware Corporation, and DOES 1 - 100, inclusive,<br><br>　　　　　　Defendants. | CASE NO.  CV 15-0211-R<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |

　　　Before the Court is Plaintiffs' Motion to Remand, which was filed on February 6, 2015. Having been thoroughly briefed by both parties, this Court took the matter under submission on March 10, 2015.

　　　A defendant may remove a civil action from state court to federal court if original

jurisdiction would have existed in the federal court at the time the complaint was filed.  28 U.S.C. § 1441(a).  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).  The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Id*.  Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Id*.

Pursuant to Title 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within 30 days after the defendant receives a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  28 U.S.C. § 1446(b)(1).  Grounds for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b)(1) to begin.  *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).    If grounds for removal are not ascertainable from the initial pleading, § 1446(b)(3) provides that a defendant may file a notice of removal within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.  Untimely removal is a procedural defect that may defeat removal if properly raised by a party seeking remand.  *Smith v. Mylan Inc*., 761 F.3d 1042, 1045 (9th Cir. 2014).

A motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  *Id*.

Plaintiffs Yelizaveta Poperchnaya and Zhanna Zagoruyko brought the current action against Defendants in state court.  Plaintiffs served Defendants with the Summons, Complaint, and Statement of Damages on November 7, 2014.  Thus, pursuant to § 1446(b)(1), a notice of removal must have been filed on or before December 8, 2014.  However, here, Defendants filed their notice of removal on January 12, 2015, more than 30 days after they received a copy of the initial pleading setting forth the claim for relief upon which the action was based.  Accordingly, Defendants' Motion to Remand is untimely, and therefore, procedurally improper.  As such, the

1 | case shall be remanded to state court.

2 |       **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is GRANTED.  (Dkt. No.

3 | 5)

4 | Dated: March 17,  2015.

                                                             _____

                                                              MANUEL L. REAL
                                            UNITED STATES DISTRICT JUDGE